UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHAN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00151-JMS-DKL |
| | ) | |
| JULIAN C WILKERSON, | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| INDIANAPOLIS METROPOLITAN POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On February 4, 2015, Plaintiff Nathan Phillips filed an action against Defendants Julian C. Wilkerson, John Doe, the City of Indianapolis ("Indianapolis"), and the Indianapolis Metropolitan Police Department ("IMPD"). [Filing No. 1.] Mr. Phillips asserts claims pursuant to a 42 U.S.C. § 1983 against Defendants Wilkerson, Indianapolis, and IMPD stemming from an alleged use of false arrest, excessive force, and malicious prosecution regarding an incident outside a bar. [Filing No. 1 at 6-7.] Mr. Phillips asserts state law claims for defamation and false light invasion of privacy against Defendants Wilkerson and Doe, stemming from allegedly false allegations in the police report that were later broadcast on a local news station. [Filing No. 1 at 8.] Mr. Phillips alleges that this Court has federal question jurisdiction over his § 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. [Filing No. 1 at 1.]

Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a

responsibility to ensure that it has jurisdiction, Hukic v. Aurora Loan Servs., 588 F.3d 420, 427 (7th Cir. 2009).

As a general proposition, filing a complaint against an unnamed party is "viewed with disfavor." See Strauss v. City of Chicago, 760 F.2d 765, 770 n.6 (7th Cir. 1985). However, it is also well established that "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (cited by Strauss). In such situations, it is commonplace to allow the action to proceed against the unnamed defendants until the plaintiff can learn the defendant's identity through limited discovery. See Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980).

The Court finds it appropriate to permit immediate limited discovery regarding the identity of Defendant Doe, to occur after the named Defendants are served and in advance of the initial pretrial conference. The identity of Defendant Doe may well be relevant to the Court's jurisdiction over the state law claims. Certainly the Court has federal question jurisdiction over Mr. Phillips' § 1983 claims. However, the Court does not necessarily agree that it has supplemental jurisdiction over his state law claims because it is not clear that those claims stem from the same case or controversy as his federal claims. If the Court does not have supplemental jurisdiction over those state law claims, they could only remain in this action if the Court had diversity jurisdiction over them. But the Court and the parties cannot discern the existence of diversity jurisdiction because as a general matter, "John Does" are not allowed in federal diversity suits. Howell v. Tribune Entertainment Co. v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship").

For these reasons, the Court **ORDERS** Mr. Phillips to **conduct expedited discovery** regarding the identity of Defendant John Doe once the named Defendants are served. Further, Mr. Phillips must file a report by **March 9, 2015**, detailing a basis—with citation to relevant authority—for this Court's jurisdiction over Mr. Phillips' state law claims, either pursuant to 28 U.S.C. § 1367 or 28 U.S.C. § 1332. Any other discovery should proceed on the schedule set forth in the applicable Federal Rules of Civil Procedure and Local Rules.

February 5, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

David T. Vlink
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dvlink@fdgtlaborlaw.com

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com