UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHAN PHILLIPS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00151-JMS-MPB |
| ) | |
| JULIAN C. WILKERSON, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Presently pending before the Court is Plaintiff Nathan Phillips' Motion to Strike Defendants' Expert Witness Report and to Exclude the Professed Expert Testimony of Jeffrey A. Patterson. [Filing No. 71.] Mr. Phillips claims that on June 20, 2016, Defendant Julian C. Wilkerson tendered an "Expert Witness Report" of Officer Jeffrey A. Patterson who is currently employed by the Indianapolis Metropolitan Police Department ("IMPD"). [Filing No. 72 at 1.] Mr. Phillips moves to strike that report and exclude Officer Patterson from testifying at trial as an expert. [Filing No. 72 at 1.] Detective Wilkerson has filed a Response in Opposition to Plaintiff's Motion to Strike, [Filing No. 73], and Mr. Phillips has filed a Reply in Support of Motion to Strike Expert Witness Report and to Exclude the Proffered Testimony of Jeffery A. Patterson, [Filing No. 74]. For the reasons stated below, the Court **GRANTS** Mr. Phillips' motion.

### I.
### STANDARD OF REVIEW

The factors the Court must consider in determining the admissibility of expert testimony are governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-95 (1993). "Expert testimony is admissible when the testimony is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue in a case." *Lewis v.*

1

*CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) (citing Fed. R. Evid. 702; *Daubert*, 509 U.S. at 589-91).  The proponent of the expert bears the burden of demonstrating that the expert's testimony is admissible by a preponderance of the evidence.  *Lewis*, 561 F.3d at 705; Fed. R. Evid. 702 advisory committee's note (2000 Amendments) ("[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a).  Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.").  The Court has "great discretion" regarding the manner in which it evaluates the applicable factors.  *Lewis*, 561 F.3d at 704.

Under *Daubert* and Rule 702, courts use "a three-step analysis: the witness must be qualified as an expert by knowledge, skill, experience, training, or education; the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (citing *Daubert* and Rule 702).  In determining reliability, *Daubert* "sets forth the following non-exhaustive list of guideposts: (1) whether the scientific theory can be or has been tested; (2) whether the theory has been subjected to peer review and publication; or (3) whether the theory has been generally accepted in the scientific community." *Ervin*, 492 F.3d at 904 (citing *Daubert*, 509 U.S. at 593-94).

## II.
### DISCUSSION

Mr. Phillips argues that Officer Patterson does not qualify as an expert[1] because he does not meet the standards for admissibility set forth by Federal Rule of Evidence 702 and the criteria set forth in *Daubert*.  [Filing No. 72 at 2-3.]  He claims that Detective Wilkerson has failed to identify Officer Patterson's qualifications and credentials as an expert, and that his experience in law enforcement does not qualify him to give an opinion regarding whether Detective Wilkerson used excessive force.  [Filing No. 72 at 4-5.]  He claims that there is no evidence that Officer Patterson used scientific methodology in forming his opinions, that his methodology is accepted by intellectual rigor, or that he has formal legal training.  [Filing No. 72 at 5.]  Lastly, Mr. Phillips contends that Officer Patterson's opinions are "nothing more than his own subjective beliefs." [Filing No. 72 at 5.]

In response, Detective Wilkerson argues that Officer Patterson's expert testimony is admissible.  [Filing No. 73 at 1.]  He claims that he filed an expert report that contains Officer Patterson's qualifications and that Officer Patterson is fully aware of the facts of the case.  [Filing No. 73 at 1.]  He further claims that Officer Patterson has nearly two decades of experience with the IMPD and that his testimony would help the jury understand the use of force in this case. [Filing No. 73 at 2-3.]  Lastly, he argues that Mr. Phillips' claim that Officer Patterson's testimony is biased is not enough to strike it altogether given that there are other conventional methods that could be used, such as cross-examination, as appropriate safeguards.  [Filing No. 73 at 3.]

---

[1] Mr. Phillips also argues that Officer Patterson's opinion does not qualify as a lay opinion under Federal Rule of Evidence 701, [Filing No. 72 at 6-7.]  Given that Detective Wilkerson does not dispute this in his response, [Filing No. 73 at 4], the Court will not address this issue and will only focus on whether Officer Patterson qualifies as an expert witness.

In reply, Mr. Phillips claims that Detective Wilkerson has not offered any substantive responses to his arguments. [Filing No. 74 at 1.] He argues that Detective Wilkerson's witness report fails to comply with nearly all of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). [Filing No. 74 at 2-3.] In particular, he claims that the report contains an opinion without pinpoint citations to the record, that it does not list the relevant authority or the methodology that he claims he used, that it fails to assess "each stage of the encounter" between Detective Wilkerson and Mr. Phillips, and that it does not contain his qualifications or relevant court cases where he testified as an expert. [Filing No. 74 at 3-4.] He further reiterates that Officer Patterson's testimony is not reliable and that the risk of prejudice and confusion to the jury would far outweigh any probative value. [Filing No. 74 at 4-6.]

At the outset, the Court agrees that Officer Patterson's report fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B), which sets forth the requirements that a party must disclose to the opposing party in a written report if it retains an expert witness to assist in the case. In particular, the report does not provide the basis or reasons that support Officer Patterson's opinion; second, it does not list any exhibits that Officer Patterson will use to summarize or support his opinion; third, although the report contains a vague list of his qualifications, it does not contain a list of all publications that Officer Patterson authored in the previous ten years; lastly, it does not provide a statement of the compensation that Officer Patterson will be paid for the testimony in this case. *See* Fed. R. Civ. Proc. 26(a)(2)(B)(i), (iii), (iv), (vi). These procedural deficiencies alone support provide sufficient basis to grant Mr. Phillips' Motion to Strike.

Alternatively, the Court will address the substantive objections raised by Mr. Phillips. Following the standard set forth above, the Court will first determine whether Officer Patterson qualifies to testify as an expert. Officer Patterson's report states that he has eighteen years of

4

experience as a police officer and it contains a list of his qualifications and another list of his accomplishments. [Filing No. 71-1.] Although testimony from an expert whose knowledge is based on experience is admissible, *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010), his listed qualifications and accomplishments contain no description and shed no light on what makes him an expert qualified to testify in cases relating to whether an officer used excessive force. As Mr. Phillips contends, Detective Wilkerson does not provide further documentation, such as Officer Patterson's curriculum vitae, publications, or other academic credentials, that help support his credentials as an expert. Thus, the Court finds that Detective Wilkerson has not provide a sufficient basis to establish that Officer Patterson is qualified to testify as an expert.

Moreover, Officer Patterson's opinion contains no reliable basis. His report has a section called "Materials Studied" that he reviewed when he drafted his opinion. [Filing No. 71-1 at 3.] The list includes court orders and documents related to the underlying federal case. However, each listing has no explanation or description, and it appears that the materials are not based on any methodologies or principles. He then begins his opinion by stating, "After reviewing the Materials Studied[,] it is my opinion that the officers used appropriate levels of force on Mr. Phillips." [Filing No. 71-1 at 5.] This is not admissible expert testimony. An expert's testimony must explain the methodologies and principles that support his or her opinion; he cannot simply assert a "bottom line" conclusion. *Metavante Corp.*, 619 F.3d at 761 (quoting *Minix v. Canarecci*, 597 F.3d 824, 835 (7th Cir. 2010)). Moreover, the testimony may not be based on subjective belief or speculation. *Id.* (quoting *Trs. of Chicago Painters & Decorators Pension, Health & Welfare, & Deferred Sav. Plan Trust Funds v. Royal Int'l Drywall & Decorating, Inc.*, 493 F.3d 782 (7th Cir. 2007)).

Lastly, Detective Wilkerson fails to demonstrate how Officer Patterson's testimony would assist the trier of fact to understand the evidence or to determine a fact in issue. Officer Patterson's opinion is simply a recitation of the facts from Detective Wilkerson's point of view with Officer Patterson's bottom line conclusion that "[O]fficer Wilkerson used an appropriate level of force that was reasonable and necessary for the situation." [Filing No. 71-1 at 5.] The jury in this case will determine whose version of events it will believe, and conclusory opinions based on another person's credibility assessment are unhelpful and unnecessary. Thus, Officer Patterson's opinion has no probative value.

### III.
#### CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Plaintiffs' motion to strike the Expert Witness Report of Officer Jeffrey A. Patterson, [Filing No. 71.], and excludes him from testifying as an expert witness.

Date: September 27, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

David T. Vlink
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dvlink@fdgtlaborlaw.com

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Benjamin J. Church
OFFICE OF CORPORATION COUNSEL
Benjamin.Church@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov